UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LAWSON,

    *Plaintiff*,

v.

GOSSMAN,

    *Defendant*.

_____/

Case No. 2:24-cv-12461

Terrence G. Berg
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO
DISMISS CASE FOR FAILURE TO PROSECUTE**

**I.**    **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **DISMISS** this case due to Plaintiff Michael Lawson's failure to prosecute and comply with the Court's orders. Further, **I RECOMMEND** that the Court **DENY** Defendants' motion for summary judgment (ECF No. 15) **AS MOOT**.

**II.**    **REPORT**

    **A.**    **Background**

This is a prisoner civil rights action under 42 U.S.C. § 1983. When he filed his complaint, Lawson was a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). He alleges that he was denied access to medical care when an MDOC transportation officer refused to transport him to a necessary off-site

1

medical appointment.  (ECF No. 1, PageID.1).

On September 24, 2024, the Court notified Lawson that under Eastern District of Michigan Local Rule 11.2, he was required to keep his contact information, including his address, up to date.  (ECF No. 4).  Lawson was cautioned that a "[f]ailure to promptly notify the court of a change in address or other contact information" could "result in the dismissal of" his complaint.  (*Id.* (emphasis removed)).  On April 30, 2025, Defendant Gossman moved for summary judgment on the ground that Lawson failed to properly exhaust his administrative remedies before suing as required by the Prison Litigation Reform Act.  (ECF No. 15).

The Undersigned ordered Lawson to respond to Gossman's motion by June 13 (ECF No. 17), but this order was returned to the Court as "undeliverable," indicating that Lawson has been discharged from MDOC's custody (ECF No. 18).  So, the Undersigned ordered Lawson to show cause by August 15, as to why his complaint should not be dismissed for failure to prosecute.  (ECF No. 20).  This order was also returned as undeliverable.  (ECF No. 21).  To date, Lawson has not updated his contact information, nor has he responded to Defendant's motion for summary judgment or the Court's order to show cause.

**B.    Legal Standard**

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules

2

or any order of the court." "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.' " *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.' " *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link*, 370 U.S. at 631).

Local Rule 41.2 mirrors the federal rule, providing that if "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

**C.  Analysis**

Courts in the Sixth Circuit employ four factors to determine whether a case should be dismissed for want of prosecution under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (cleaned up). All

3

four factors weigh in favor of dismissing the instant case.

To start, Lawson's failure to update his address is suggestive of "willfulness, bad faith, or fault." *Id.* Lawson stopped actively prosecuting this case after his release from MDOC's custody and thus appears to have abandoned this case at that time. Accordingly, the first factor weighs in favor of dismissal. *See Daniels v. Napoleon*, No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor weighed in favor of dismissal where court warned the *pro se* plaintiff "that his case would be dismissed with prejudice if he failed to file a response to [the d]efendants' motion to dismiss or a response to the Court's Order to Show Cause").

As to the second factor, Gossman is prejudiced by Lawson's conduct because he is currently expected to expend resources defending a lawsuit that Lawson appears to have abandoned. For example, defense counsel took the time to draft a motion for summary judgment that Lawson has ignored. Thus, the second factor weighs in favor of dismissal.

The third factor is also met. Lawson was informed at the outset of litigation that a failure to keep his address up to date could result in dismissal of his case. (ECF No. 4). Most recently, the Undersigned entered an order to show cause that explicitly cautioned Lawson that a failure to respond would result in a recommendation to dismiss the case. (ECF No. 20, PageID.101).

4

As to the fourth and final factor, Lawson has already ignored prior orders and there is no reason or occasion to believe that he would comply with future orders nor that a lesser sanction would have any effect on his apparent abandonment of this case. Consequently, I am unpersuaded that a sanction short of dismissal would be appropriate in this matter. *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available"); *see also Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."). Thus, the fourth factor weighs in favor of dismissal.

In sum, all four factors weigh in favor of dismissal for failure to prosecute. It is therefore recommended that the Court dismiss this case *sua sponte*.

### D. Conclusion

For these reasons, **I RECOMMEND** that the Court **DISMISS** this case **WITHOUT PREJUDICE** for failure to prosecute.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

5

recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 9, 2025                              s/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge